IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ROBERT TOWNSEND** **PLAINTIFF**
**Reg. #45254-509**

**V.** **NO. 2:26-cv-00095-LPR-ERE**

**WILLIAM K. MARSHALL, III** **DEFENDANT**

# RECOMMENDED DISPOSITION

## I. Procedure for Filing Objections

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## II. Background

*Pro se* plaintiff Robert Townsend, a federal inmate incarcerated at the Forrest City Federal Correction Camp, filed this civil rights case. *Doc. 1*. Mr. Townsend's complaint alleges that he brings this action under the Americans with Disabilities Act ("ADA"), the Federal Tort Claims Act ("FTCA"), and the Administrative Procedure Act ("APA"). The only named Defendant is William K. Marshall, III, tor of the DOJ and BOP. Because Mr. Townsend failed to provide any facts to support his proposed claims and a FTCA claim can only be brought against the United States

of America, I entered an Order on September 15, 2026 explaining why Mr. Townsend's original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 5*.

Since September 15, Mr. Townsend has filed two statements of facts, a motion to amend, a motion for order, a memorandum of facts, a notice, and a declaration. However, he has not filed an amended complaint, and the time to do so has passed.[1] *Docs. 19, 20, 22, 23, 24, 26, 27*. As a result, I will screen Mr. Townsend's original complaint, as required by 28 U.S.C. § 1915A.

## III. Discussion

### A. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right

[1] I previously denied Mr. Townsend's motion to amend and his motion for order. *Docs. 21, 25*.

to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

**B. ADA Claim**

To state an ADA claim, Mr. Townsend must allege that he: (1) is a person with a disability as defined by statute; (2) is otherwise qualified for the benefit in question; and (3) did not receive this benefit due to discrimination based upon his disability. *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999) (citing 42 U.S.C. § 12131 *et seq*.). Mr. Townsend's complaint fails to include any facts to state a plausible claim for relief under the ADA.

**C. FTCA Claim**

The FTCA waives sovereign immunity and allows plaintiffs to hold the United States vicariously liable for negligent or otherwise wrongful acts committed by federal employees in the scope of their employment. See 28 U.S.C. § 1346(b), 2671-2680; *Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998). FTCA claims can be brought only against the United States of America, not individuals. See 28 U.S.C. §§ 1346 and 2679; *Osborn v. Haley*, 549 U.S. 225, 229-230 (2007); *Westfall v. Erwin*, 484 U.S. 292, 300 (1988). Because Mr.

Townsend names Director Marshall as the sole Defendant, he has failed to state a plausible claim for relief under the FTCA.

**D. APA Claim**

Title 5 U.S.C. § 702 authorizes "persons injured by agency action to obtain judicial review by suing the United States or one of its agencies, officers, or employees." *Corner Post, Inc. v. Board of Governors of Federal Reserve System*, 603 U.S. 799, 807 (2024) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140–141 (1967)). To proceed on an APA claim, the filing party must satisfy two requirements. First, § 702 "requires a litigant to show, at the outset of the case, that he is injured in fact by agency action." *Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 127 (1995) (cleaned up). "Thus, a litigant cannot bring an APA claim unless and until she suffers an injury. *Corner Post*, 603 U.S. at 807–08. Second, § 704 requires that the challenged agency action is "final." An agency action is final only if:

> first, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (cleaned up and citations omitted). Here, Mr. Townsend fails to include any facts to support a plausible claim under the APA.

## IV. **Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Townsend's complaint be DISMISSED, without prejudice, for failure to state a plausible claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated 23 October 2026.

UNITED STATES MAGISTRATE JUDGE